MORRISON TENENBAUM PLLC
*Proposed Counsel to the Debtor*
87 Walker Street, Floor 2
New York, New York 10013
Phone: 212-620-0938
Lawrence F. Morrison, Esq.
Brian J. Hufnagel, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                          Chapter 11

215 SULLIVAN ST. LLC,                           Case No. 18-11255 (MG)

                        Debtor.
-----------------------------------------------------------------X

**APPLICATION FOR AUTHORITY TO RETAIN MORRISON
TENENBAUM PLLC AS COUNSEL TO DEBTOR AND DEBTOR IN
POSSESSION, EFFECTIVE AS OF APRIL 30, 2018**

TO:   THE HONORABLE MARTIN GLENN
      UNITED STATES BANKRUPTCY JUDGE

215 Sullivan St. LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), hereby submits this application (the "Application"), in support of an Order, pursuant to §327 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)"), granting the Debtor authority to retain Morrison Tenenbaum PLLC ( "MT Law") as its counsel, effective as of April 30, 2018, and respectfully represents as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. §157(b). The statutory predicates for the relief sought herein are § 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014. Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## BACKGROUND

2.  On April 30, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and thereafter, continues to operate its business and manage its property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No receiver, examiner or creditor's committee had been appointed.

3.  The Debtor owns the real property located at 209-219 Sullivan Street, Unit TH-A, New York, NY 10012 (the "Property"). The Property is a condominium apartment consisting of approximately 7,400 square feet of interior space and 2,000 square feet of exterior space. Prior to the Petition Date, the Property was listed for sale at the listing price of $17,995,000.

4.  The Property consists of a single condominium unit that is currently vacant.

5.  The Property is subject to a first mortgage (the "First Mortgage") in the initial principal sum of $11,750,000, initially held by New Wave Loans Residential, LLC ("New Wave") which mortgage was subsequently assigned to NW Sullivan LP ("NW Sullivan").

6.  The Property is also encumbered by a second mortgage (the "Second Mortgage") held by HAP Lift, LLC ("HAP") in the initial principal sum of $4,500,000.

7.  There are two foreclosure cases pending against the debtor in the State of New York Supreme Court, County of New York, captioned as follows: i) *HAP Lift LLC v. 215 Sullivan St. LLC et al.*, Index No. 850159/2017 (the "HAP Action") and ii) *NW Sullivan LP v. 215 Sullivan St. LLC et al.*, Index No. 850213/2017 (the "NW Sullivan Action").

8.  A foreclosure judgment has not been entered in either action. However, on August 10, 2017, the Supreme Court entered an order appointing Elaine Shay, Esq. (the "Receiver") as Receiver in the HAP Action. Post-petition the Receiver has returned possession of the Property to the Debtor.

9. Over this current winter, there were burst pipes at the Property that caused water damage. The Debtor submitted an insurance claim, along with repair estimates, and is currently holding two insurance checks in the amounts of $86,309.30 and $54,581.34.

10. The Debtor filed chapter 11 in order to regain possession of the Property, make necessary repairs to the Property with the insurance proceeds, and streamline the sale process in order to maximize value for creditors.

### RELIEF REQUESTED

11. The Debtor believes that MT Law is qualified to represent it in this case in a cost-effective, efficient and timely manner. Subject to the control and further order of this Court, the professional services that MT Law will render to the Debtor includes, but shall not be limited to, the following:

   a. advising the Debtor with respect to its powers and duties as debtor-in-possession in the management of its estate;

   b. assisting in any amendments of Schedules and other financial disclosures and in the preparation/review/amendment of a disclosure statement and plan of reorganization;

   c. negotiating with the Debtor's creditors and taking the necessary legal steps to confirm and consummate a plan of reorganization;

   d. preparing on behalf of the Debtor all necessary motions, applications, answers, proposed orders, reports and other papers to be filed by the Debtor in this case;

   e. appearing before the Bankruptcy Court to represent and protect the interests of the Debtor and its estate; and

   f. performing all other legal services for the Debtor that may be necessary and proper for an effective reorganization.

12. After due deliberation, the Debtor has determined that its interests and the interests of its creditors would best be served by the retention of MT Law as counsel to the Debtor to render such legal services as may be necessary and appropriate in connection with its Chapter 11 case.

The Debtor submits that MT Law possesses extensive knowledge and expertise in the areas of law relevant to its bankruptcy case, and that MT Law is well qualified to represent the Debtor in this proceeding.

13. As specifically set forth in the annexed affirmation of Lawrence F. Morrison (the "Morrison Affirmation"), MT Law is not connected with the Debtor, its creditors, other parties-in-interest or the Office of the United States Trustee.

14. Further, and as set forth in the Morrison Affirmation, MT Law does not, by way of any direct or indirect relationship to, connection with or interest in the Debtor, hold or represent an interest adverse to the estate and is a disinterest person. Accordingly, the Debtor believes that MT Law is a "disinterested party" within the meaning of §§101(14) and 327 of the Bankruptcy Code.

15. Because the full extent and nature of the legal services to be rendered are unknown at this time, the Debtor believes that the employment of MT Law is appropriate and in the best interests of the Debtor, its estate, creditors and equity holders. MT Law has indicated its willingness and desire to serve as counsel to the Debtor, as set forth above, and to render the legal services necessary as attorneys for the Debtor.

16. MT Law has agreed to make appropriate applications to this Court for compensation and reimbursement of expenses as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") and the Guidelines for Fees and Disbursements for Professionals propounded by the Office of the United States Trustee. MT Law is willing to be retained by the Debtor as its counsel and will bill at the following hourly rates, which are $425.00 – $525.00 per hour for partners, $380.00 per hour for associates, and $175.00 per hour for paraprofessionals.

These rates may be subject to adjustment from time to time. MT Law will also be entitled to seek reimbursement for all out-of-pocket disbursements. On April 30, 2018, MT Law received $25,000 as an initial retainer fee plus the filing fee of $1,717.00 from a third party who will be submitting a Lar-Dan affidavit.

## CONCLUSION

17. Based upon the foregoing, the Debtor respectfully requests that the Application be granted in its entirety and that the Debtor be granted such other and further relief as this Court may deem just and proper. A proposed Order authorizing the retention of MT Law as requested herein is annexed hereto as **Exhibit "A"**.

18. This Application does not raise any novel issues of law, and accordingly, the Debtor respectfully requests that any requirement for the submission of a memorandum of law be waived.

19. Notice of this Application was given to the United States Trustee and to all known creditors of Debtor.

**WHEREFORE**, the Debtor respectfully requests that an Order be entered authorizing them to retain MT Law as its counsel in these proceedings, *nunc pro tunc* to February 14, 2018, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 18, 2018                           Respectfully Submitted,

                                       MORRISON TENENBAUM PLLC

                                       */s/ Lawrence F. Morrison*
                                       By:   Lawrence F. Morrison
                                       Brian J. Hufnagel
                                       *Proposed Counsel for the Debtor*
                                       87 Walker Street, Floor 2
                                       New York, New York 10013
                                       (212) 620-0938
                                       lmorrison@m-t-law.com
                                       bjhufnagel@m-t-law.com